IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JUAN RAMIREZ XOLO,
P.O. Box 54156
Milwaukee, WI 53215,

JULIO LOPEZ,
3325 South 26th Street, #25
Milwaukee, WI 53215,

PEDRO ALBINAL ALBINAL
2250 West College Avenue, #7
Milwaukee, WI 53221

&

RIGOBERTO GONZALEZ
3882 South Miner Street
Milwaukee, WI 53221,                          **COMPLAINT**
                                              **JURY DEMAND**
individually and on behalf
of all others similarly situated,             Case No. 12-CV-219

                    Plaintiffs,

            vs.

AB Layton, LLC
&
El Fuego, Ltd.
4635 South 108th Street
Greenfield, WI 53228

                    Defendants.

**FIRST AMENDED
COLLECTIVE AND CLASS ACTION COMPLAINT**

## PRELIMINARY STATEMENT

This is a collective and class action brought by Individual and Representative Plaintiffs, Juan Ramirez Xolo, Julio Lopez, Pedro Albinal Albinal and Rigoberto Gonzalez on their own behalf and on behalf of the members of the proposed class identified below. Plaintiffs Ramirez Xolo and Lopez worked as cooks for El Fuego, Ltd restaurant and were denied overtime wages under multiple illegal pay policies. Pedro Albinal Albinal and Rigoberto Gonzalez worked as busboys for El Fuego, Ltd restaurant and were denied overtime wages, minimum wage (unpaid wage claim) and tips under multiple illegal pay policies. Under these policies, employees were not paid at one and a half times the regular rate for hours worked over 40 per week, were not paid for all hours worked, were paid less than minimum wage and were subjected to unlawful tip pooling practices. Plaintiffs and putative class members are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as they suffered identical wage losses under these illegal pay policies.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin because Defendants reside in this district and because events giving rise to these claims occurred in this district, pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Juan Ramirez Xolo ("Ramirez Xolo") is an adult resident of Milwaukee, Wisconsin. Mr. Ramirez Xolo worked as a cook for El Fuego within the time period prescribed by the applicable statute of limitations. Mr. Ramirez Xolo's consent form was attached as Exhibit A to the original Complaint of the Plaintiffs.

4. Julio Lopez ("Lopez") is an adult resident of Milwaukee, Wisconsin. Mr. Lopez worked as a cook for El Fuego within the time period prescribed by the applicable statute of limitations. Mr. Lopez's consent form was attached as Exhibit B to the original Complaint of the Plaintiffs.

5. Pedro Albinal Albinal ("Albinal") is an adult resident of Milwaukee, Wisconsin. Mr. Albinal worked as a busboy for El Fuego within the time period prescribed by the applicable statute of limitations. Mr. Albinal's consent form was filed with the Court and served through the Court's electronic service on April 5, 2012.

6. Rigoberto Gonzalez ("Gonzalez") is an adult resident of Milwaukee, Wisconsin. Mr. Lopez worked as a busboy for El Fuego within the time period prescribed by the applicable statute of limitations. Mr. Gonzalez's consent form was filed with

the Court on March 30, 2012 and notice of filing has been forwarded to the Defendants through counsel of record.

7. El Fuego, Ltd. ("El Fuego") is a Wisconsin company that operates as a restaurant, with its principal place of business at 909 West Layton Avenue, Milwaukee, Wisconsin, 53221. El Fuego is an "employer" within the meaning of 29 U.S.C. § 203(d). El Fuego's registered agent for service of process is Scott Sherman, 4635 S. 108th St., Milwaukee, WI 53228.

8. El Fuego is an enterprise engaged in commerce within the meaning of 29 USC § 203(s)(1).

9. AB Layton LLC ("AB Layton") is a Wisconsin company which has, on information and belief, an ownership interest, in whole or in part, in El Fuego restaurant, with its principal place of business at 4635 South 108th Street, Greenfield, WI 53228.

10. AB Layton is an "employer" within the meaning of 29 U.S.C. § 203(d). AB Layton's registered agent for service of process is Scott Sherman, 4635 S. 108th St., Milwaukee, WI 53228.

11. AB Layton is an enterprise engaged in commerce within the meaning of 29 USC § 203(s)(1).

12. Ramirez Xolo and Lopez bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Cooks Overtime Class** of similarly situated employees is defined as:

> All persons who have been or are employed by El Fuego

Ltd. and/or AB Layton LLC at El Fuego as cooks who were not compensated at a rate of one and a half times their regular rate of pay for hours worked over forty (40) during the past three years.

13. Albinal and Gonzalez bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Busboys Overtime Class** of similarly situated employees is defined as:

> All persons who have been or are employed by El Fuego Ltd. and/or AB Layton LLC at El Fuego as busboys who were not compensated at a rate of one and a half times their regular rate of pay for hours worked over forty (40) during the past three years.

14. Albinal and Gonzalez bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Busboys Unpaid Wage Class** of similarly situated employees is defined as:

> All persons who have been or are employed by El Fuego Ltd. and/or AB Layton LLC at El Fuego as busboys who were denied wages during the past three years.

15. Albinal and Gonzalez bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Busboys Tip Pool Class** of similarly situated employees is defined as:

> All persons who have been or are employed by El Fuego Ltd. and/or AB Layton LLC at El Fuego as busboys who were denied tips pursuant to an employer-sponsored and administered tip pooling policy and practice during the past three years.

16. Ramirez Xolo and Lopez bring this action on behalf of themselves and on behalf of all other similarly situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Cooks Overtime Class** is defined as:

> All persons who have been or are employed by El Fuego Ltd and/or AB Layton LLC at El Fuego as cooks who, during the past two years, who were not compensated at a rate of one and a half times their regular rate of pay for hours worked over 40.

17. Albinal and Gonzalez bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Busboys Overtime Class** of similarly situated employees is defined as:

> All persons who have been or are employed by El Fuego Ltd. and/or AB Layton LLC at El Fuego as busboys who were not compensated at a rate of one and a half times their regular rate of pay for hours worked over forty (40) during the past two years.

18. Albinal and Gonzalez bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to Fed. R Civ. P. 23. The **Wisconsin Busboys Unpaid Wage Class** of similarly situated employees is defined as:

> All persons who have been or are employed by El Fuego Ltd. and/or AB Layton LLC at El Fuego as busboys who were paid an hourly wage for the work they performed for defendants, and who were denied wages during the past two years.

19. Albinal and Gonzalez bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Busboys Tip Pool Class** of similarly situated employees is defined as:

> All persons who have been or are employed by El Fuego Ltd. and/or AB Layton LLC at El Fuego as busboys who

were denied tips pursuant to an employer-sponsored and administered tip pooling policy and practice during the past two years.

## CLASS ALLEGATIONS

20. Ramirez Xolo, Lopez, Albinal and Gonzalez bring the Second Claim for Relief on their own behalves and on behalf of the Wisconsin Cooks Overtime Wage Class, the Wisconsin Busboys Overtime Wage Class, the Wisconsin Busboys Unpaid Wage Class and the Wisconsin Busboys Tip Pool Class, as those classes are defined in paragraphs 12 through 19 , supra, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

21. The persons in the classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, El Fuego and AB Layton have employed more than 100 people who satisfy the definition of the class.

22. There are questions of law and fact common to the Rule 23 Classes that are capable of class-wide resolution and the determination of which will resolve all issues central to the validity the class claims, including but not limited to:

    (a) Whether El Fuego Ltd. and/or AB Layton LLC maintained a common practice of unlawfully failing to pay overtime compensation to the Named Plaintiffs and members of the putative classes in violation of and within the meaning of Wisconsin Statute § 103.03 and Wisconsin Administrative Code § DWD 274.03;

    (b) The nature and amount of compensable work performed by the Named Plaintiffs and members of the putative classes;

- (c) Whether El Fuego Ltd and AB Layton LLC employed the Named Plaintiffs and members of the putative classes within the meaning of Wisconsin law; and

- (d) The proper measure of damages sustained by the Named Plaintiffs and members of the putative classes.

23. The Named Plaintiffs' claims are typical of those of the putative Wisconsin class members. The Named Plaintiffs, like other members of the putative Wisconsin Classes, were subjected to Defendants' illegal pay policy and practice of refusing to pay overtime wages, refusing to pay employees a minimum wage, and refusing to pay to employees a share of the tips that were deducted from waitstaff's tips, resulting in wage loss, all in violation of Wisconsin law.

24. The Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Classes. They have retained counsel experienced in complex wage and hour litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

26. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Classes predominate over any questions affecting only individual members of the Wisconsin Classes, and because a class action is superior to other available

methods for the fair and efficient adjudication of this litigation. El Fuego and AB Layton's common and uniform policies and practices denied the Wisconsin Classes wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Classes members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about El Fuego and AB Layton's pay practices.

27. The Named Plaintiffs intend to send notice to all members of the Wisconsin Classes to the extent required by Rule 23.

### FIRST CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

28. Ramirez Xolo and Lopez, individually and on behalf of the Collective Cooks Overtime Class, and Albinal and Gonzalez, individually and on behalf of the Collective Busboys Overtime Class, re-allege and incorporate by reference the allegations in the preceding paragraphs.

29. El Fuego and AB Layton are employers within the meaning of 29 U.S.C. § 203(d).

30. The Named Plaintiffs and the members of the Collective Cooks Overtime Class and the Collective Busboys Overtime Class are or were employees within the meaning of 29 U.S.C. § 203(e).

31. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

32. During the applicable statute of limitations, the Named Plaintiffs and members of the Collective Overtime Classes performed work in excess of forty (40) hours per week without receiving overtime compensation; on average, the Named Plaintiffs regularly worked between 72 and 95 hours per week and were not compensated at one and one-half times their regular rate for hours worked over forty (40).

33. These practices violate the FLSA including, but not limited to 29 U.S.C. § 207. Because of these violations, the Named Plaintiffs and members of the Collective Class have suffered a wage loss.

34. El Fuego and AB Layton knew or showed reckless disregard for the fact that it failed to pay the Named Plaintiffs and members of the Collective Classes overtime compensation in violation of the FLSA.

### SECOND CLAIM FOR RELIEF: FAILURE TO PAY COMPENSATION IN VIOLATION OF THE FLSA

35. Albinal and Gonzalez, individually and on behalf of the Collective Busboys Unpaid Wage Class, re-allege and incorporate by reference the allegations in the preceding paragraphs.

36. The FLSA requires each covered employer to compensate all employees at a rate not less that the federal minimum wage for all hours worked.

37. During the applicable statute of limitations, Albinal and Gonzalez and the members of the Collective Busboys Unpaid Wage Class were suffered and permitted by the defendants to perform work for which they received no compensation and were paid less than the federal minimum wage for hours worked.

38. Albinal, Gonzalez and members of the Collective Busboys Unpaid Wage Class are entitled to compensation at minimum wage or their regular rate for all hours worked.

39. These practices violate the FLSA, including but not limited to 29 U.S.C. § 206. Because of these violations, Albinal, Gonzalez and members of the Collective Busboys Unpaid Wage Class have suffered a wage loss.

40. The Defendants knew or showed reckless disregard for the fact that they failed to pay the Named Plaintiffs and members of the Collective Busboys Unpaid Wage Class wages in violation of the FLSA.

### THIRD CLAIM FOR RELIEF: UNLAWFUL TIP POOLING IN VIOLATION OF FLSA

41. Albinal and Gonzalez, individually and on behalf of the Collective Busboys Tip Pool Class, re-allege and incorporate by reference the allegations of the preceding paragraphs.

42. The FLSA allows employers to require tipped employees to pool a percentage of their tips for distribution to busboys.

43. During the applicable statute of limitations, the Defendant collected a portion of the tips of the waitstaff and did not pay any portion thereof to the Named Plaintiffs and the members of the Collective Busboys Tip Pool Class.

44. These practices violated the FLSA, including but not limited to 29 U.S.C. § 203(m). Because of these violations, the Named Plaintiffs and members of the Collective Busboys Tip Pool Class have suffered a wage loss.

45. The Defendants knew or showed willful disregard for the fact that it collected tips from waitstaff and failed to distribute a portion of those tips as required by its own tip pooling arrangement, in violation of the FLSA.

### FOURTH CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

46. The Named Plaintiffs, individually and on behalf of the Wisconsin Cooks Overtime Class and the Wisconsin Busboys Overtime Class, re-allege and incorporate by reference the allegations in the preceding paragraphs.

47. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.03, 104.02 and 109.03, and Wisconsin Administrative Code §§ DWD 274.03 and DWD 272.03.

48. At all relevant times, El Fuego and AB Layton have been, and continue to be, "employers" within the meaning of Wis. Stat. §§ 103.001, 104.01 and 109.01(2).

49. At all relevant times, the Named Plaintiffs and the putative Wisconsin Overtime Class members were El Fuego and/or AB Layton employees within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2) and 109.01(1r).

50. Wisconsin Statute § 103.02 and Wisconsin Administrative Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.
51. Wisconsin Statute § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.
52. The Named Plaintiffs and members of the Wisconsin Unpaid Wage Class are not and were not exempt from overtime pay requirements under Wisconsin law.
53. During the applicable statute of limitations, El Fuego and AB Layton had a policy and practice of failing and refusing to pay overtime wages to the Named Plaintiffs and members of the putative Wisconsin Overtime Classes for their hours worked in excess of forty (40) hours per workweek.
54. As a result of El Fuego and AB Layton's willful failure to pay overtime wages earned and due to the Named Plaintiffs and members of the putative Wisconsin Overtime Classes, El Fuego and AB Layton have violated, and continue to violate Wis. Stat. §§ 103.03 and 109.03, Wisconsin Administrative Code §§ DWD 274.03 and DWD 272.03.
55. The Named Plaintiffs, on behalf of themselves and members of the putative Wisconsin Overtime Classes seek recovery of attorneys' fees, costs, and expenses of this action to be paid by El Fuego and AB Layton as provided by Wis. Stat. § 109.03(6).
56. The Named Plaintiffs, on behalf of themselves and members of the putative Wisconsin Overtime Class seek damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and Wisconsin

Administrative Code §§ DWD 274.03 and 272.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from El Fuego and AB Layton's unlawful and willful conduct as the Court deems just and proper.

### FIFTH CLAIM FOR RELIEF: FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW

57. Albinal and Gonzalez, individually and on behalf of the Wisconsin Busboys Unpaid Wage Class allege and incorporate by reference the allegations in the preceding paragraphs.

58. At all relevant times, El Fuego and AB Layton have been, and continue to be, "employers" within the meaning of Wis. Stat. §§ 103.001, 104.01 and 109.01(2).

59. At all relevant times, Albinal, Gonzalez and the putative Wisconsin Busboys Unpaid Wage Class members were El Fuego and/or AB Layton employees within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2) and 109.01(1r).

60. Wisconsin Statute § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

61. Wisconsin Statute § 104.04 requires employers to pay a minimum living wage to employees.

62. Albinal, Gonzalez and members of the Wisconsin Busboys Unpaid Wage Class are not and were not exempt from pay requirements under Wisconsin law.

63. During the applicable statute of limitations, El Fuego and AB Layton had a policy and practice of failing and refusing to pay a minimum living wage to the

14
Case 2:12-cv-00219-JPS    Filed 04/16/12    Page 14 of 18    Document 18

Named Plaintiffs and members of the putative Wisconsin Busboys Unpaid Wage Class for all of their hours worked.

64. As a result of El Fuego and AB Layton's willful failure to pay wages earned and due to Named Plaintiffs and members of the putative Wisconsin Busboys Unpaid Wage Class, El Fuego and AB Layton have violated, and continue to violate Wis. Stat. §§ 103.03 and 109.03, Wisconsin Administrative Code §§ DWD 274.03 and DWD 272.03.

65. Albinal and Gonzalez, on behalf of themselves and members of the putative Wisconsin Busboys Unpaid Wage Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by El Fuego and AB Layton as provided by Wis. Stat. § 109.03(6).

66. Albinal and Gonzalez, on behalf of themselves and members of the putative Wisconsin Busboys Unpaid Wage Class seek damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and Wisconsin Administrative Code §§ DWD 274.03 and 272.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from El Fuego and AB Layton's unlawful and willful conduct as the Court deems just and proper.

**SIXTH CLAIM FOR RELIEF:**
**FAILURE TO PAY TIPS IN VIOLATION OF**
**TIP POOLING WAGES IN**
**VIOLATION OF WISCONSIN LAW**

67. Albinal and Gonzalez, individually and on behalf of the Wisconsin Busboys Unpaid Wage Class re-allege and incorporate by reference the allegations in the preceding paragraphs.

68. Wisconsin law at Wis. Stats. §104.045 and Wis. Admin. Code § DWD 272.03 allows employers to require tipped employees to pool a percentage of their tips for distribution to busboys.

69. During the applicable statute of limitations, the Defendants collected a portion of the tips of the waitstaff and did not pay any portion thereof to Albinal, Gonzalez and the members of the Wisconsin Busboys Tip Pool Class.

70. These practices violated Wisconsin law. Because of these violations, the Named Plaintiffs and members of the Collective Busboys Tip Pool Class have suffered a wage loss.

71. Albinal and Gonzalez, on behalf of themselves and members of the putative Wisconsin Busboys Tip Pool Class seek damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and Wisconsin Administrative Code §§ DWD 274.03 and 272.03, and any penalties due under Wis. Stat. § 109.11.

72. Albinal and Gonzalez, on behalf of themselves and members of the putative Wisconsin Busboys Tip Pool Class, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by El Fuego and AB Layton as provided by Wis. Stat. § 109.03(6). as well as such other legal and equitable relief from El

Fuego and AB Layton's unlawful and willful conduct as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Juan Ramirez Xolo, Julio Lopez, Pedro Albinal Albinal and Rigoberto Gonzalez, on behalf of themselves and all members of the Collective Classes and the Wisconsin Classes pray for the following relief:

A. An order designating this action as a collective action on behalf of the Collective Classes and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Classes;

C. An order designating Juan Ramirez Xolo, Julio Lopez, Pedro Albinal Albinal and Rigoberto Gonzalez as the Named Plaintiffs and as representatives of the respective Wisconsin Classes set forth herein;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that El Fuego Ltd. and AB Layton LLC violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against El Fuego Ltd and AB Layton LLC in the amount equal to the Plaintiffs' and the Collective Classes' unpaid back wages at the applicable overtime rate;

H. An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

J. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated this ___13th___ day __April_____, 2012.

**HAWKS QUINDEL, S.C.**

By: _____*/s/ Lynn M. Novotnak*_____
Lynn M. Novotnak, SBN 1005688
lnovotnak@hq-law.com
Summer H. Murshid, SBN 1075404
smurshid@hq-law.com
Hawks Quindel, S.C.
222 East Erie Street
Milwaukee, WI 53202
Telephone: (414) 271-8650
Facsimile: (414) 271-8442
Attorneys for the Plaintiffs